J-S79009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEITH BLAKE | |
| Appellant | No. 2846 EDA 2013 |

Appeal from the Judgment of Sentence entered September 13, 2013,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0010458-2012
and CP-51-CR-0010459-2012

BEFORE:  ALLEN, OLSON, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED DECEMBER 05, 2014**

Keith Blake ("Appellant") appeals from the judgment of sentence imposed after he pled guilty to two counts of attempted murder and two counts of possession of an instrument of crime.[1]

The pertinent facts may be summarized as follows:  On June 20, 2012, at approximately 12:50 p.m., the victim, Margo Pelegrin, was parking her car on the 2400 block of Pine Street in Philadelphia, with her 20-month-old son in the back seat.  N.T., 7/12/13, at 13.  As Ms. Pelegrin exited her car, Appellant walked toward her and stood beside her car.  Ms. Pelegrin saw a large knife in Appellant's hand, and when she began to scream Appellant instructed her to be quiet.  *Id*.  Ms. Pelegrin continued screaming, and

---

[1] 18 Pa.C.S.A. § 2502, 901 and 907(a).

* Retired Senior Judge assigned to Superior Court.

Appellant attempted to stab her. *Id*. at 13-14. Ms. Pelegrin reached out to deflect the knife, sustaining a wound to her left hand. *Id*. Bystanders observing the incident intervened and Appellant fled. *Id*. Police officers who were standing at 24th and Pine Street saw Appellant running and attempted to stop him and take him into custody. *Id*. A struggle ensued, during which Officer Girardo was struck in the head with the knife. *Id*. Appellant was eventually subdued. Officer Girardo was taken to Hahnemann Hospital where he received eleven staples in his head. *Id*.

Appellant was arrested and charged with, *inter alia*, attempted murder and possession of an instrument of crime at Docket No. 10458-2012, and attempted murder and possession of an instrument of crime at Docket No. 10459-2012. On July 12, 2013, Appellant entered an open plea of guilty to two counts of attempted murder and two counts of possessing an instrument of crime.

A sentencing hearing commenced on September 13, 2013, at the conclusion of which the trial court sentenced Appellant at Docket No. 10458-2012 to 14½ to 29 years of imprisonment for attempted murder and a concurrent 5 to 10 years of imprisonment for possession of an instrument of crime, and at Docket No. 10459-2012, 10 to 20 years of imprisonment for attempted murder and a consecutive 2½ to 5 years for possession of an instrument of crime. The sentences at Docket Nos. 10458 and 10459 were imposed consecutive to each other for an aggregate sentence of 27 to 54 years of imprisonment.

Appellant filed a post-sentence motion on September 16, 2013, which the trial court denied following a hearing on September 23, 2013. This appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Was the sentencing court's sentence excessive?

2. Was the sentencing court's denial of Appellant's timely filed Motion to Reconsider improper?

Appellant's Brief at 4.

Appellant's issues are interrelated. Therefore, we will address them together. Appellant argues that his sentence was excessive because the sentencing court ignored the sentencing factors outlined in 42 Pa.C.S.A. § 9721(b), and improperly focused solely on the seriousness of the offense without considering any of the mitigating evidence, in particular Appellant's lengthy drug history and his mental health. Appellant's Brief at 9-16. For this reason, Appellant argues that the trial court should have granted his motion for reconsideration. *Id*.

Appellant raises a challenge to the discretionary aspects of his sentence. Such a claim is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. *Commonwealth v. Hanson*, 856 A.2d 1254, 1257 (Pa. Super. 2004).

Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether

> Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted).

Appellant has preserved his claim by filing a post-sentence motion and timely notice of appeal. Although Appellant has failed to include in his brief a concise statement pursuant to Pa.R.A.P. 2119(f), the Commonwealth has not filed a timely responsive brief, and absent any objection by the Commonwealth to the lack of a Pa.R.A.P. 2119(f) statement, we decline to find waiver. *See Commonwealth v. Stewart*, 867 A.2d 589 (Pa. Super. 2005) (declining to find waiver of sentencing claim due to lack of Pa.R.A.P. 2119(f) statement where Commonwealth did not object). Therefore, we proceed to determine whether Appellant has raised a substantial question for our review.

Appellant argues that in imposing its sentence, the trial court neglected to consider the sentencing factors outlined in § 9721(b) of the Sentencing Code. Appellant's Brief at 16. "[A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 do[]

present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1266 (Pa. Super. 2014) *quoting* ***Commonwealth v. Dodge***, 77 A.3d 1263, 1272 n. 8 (Pa. Super. 2013). Appellant's assertion that he trial court failed to consider the §9721(b) sentencing factors raises a substantial question and we will therefore address Appellant's discretionary claim.

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

> More specifically, 42 Pa.C.S.A. § 9721(b) offers the following guidance to the trial court's sentencing determination:

> > [T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

> 42 Pa.C.S.A. § 9721(b).

> Furthermore, Section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S. § 9781(c). Under 42 Pa.C.S. § 9781(d), the appellate courts must review the record and

consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines. The ... weighing of factors under 42 Pa.C.S. § 9721(b) [is] exclusively for the sentencing court, and an appellate court could not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S. § 9781(c).

***Commonwealth v. Bricker***, 41 A.3d 872, 875-876 (Pa. Super. 2012) (citations omitted).

Here, at the sentencing hearing, the trial court heard statements from Appellant's counsel who recounted Appellant's age, family circumstances, mental health conditions, substance abuse problems, and criminal history. N.T., 9/13/13, at 4-10. The trial court additionally heard from the Commonwealth, who detailed Appellant's criminal history, including eight prior convictions, and repeated violations of probation and parole, and recommended a sentence of 14 to 54 years of imprisonment. ***Id***. at 11-16, 19-25. The trial court also heard a statement from the victim, Ms. Pelegrin, who testified to the detrimental impact of the crime on her quality of life. ***Id***. at 16-19. The trial court then heard a statement from Appellant, who recounted his substance abuse and mental health problems, and expressed his remorse. ***Id***. at 27. The trial court, which had the benefit of a pre-sentence investigation report (PSI) and a mental health evaluation, then provided the following reasons for its sentence on the record:

- 6 -

[T]he guidelines do require me to do certain things. Number 1, to acknowledge any kind of mitigation that is brought forth by defense counsel. One being a plea of guilt which shows admission and a prima facie desire to in some way be accountable.

Number 2, the mental health issue[s] here which are not insignificant. A lot of times there is nobody here. When somebody is being sentenced, nobody. At least there is family and there are some probation reports that are favorable as far as [Appellant's] probation from the time he was doing that.

Unfortunately the case we have here, the violence is so wanton. I looked at the facts of the case and I'm amazed that Ms. Pelegrin could survive as much as she has as she gave us her rendition of what it's like since. And the officer survived, Girardo is back on duty...

But like I said, the violence is so wanton. In my place I try to look at the past reports that have been offered by the Commonwealth. You look for anything on the report that would have shown us sometime hopefully in 1986 that this man was having such problems. And we always look for any excuse to show us what can we do to predict not just criminal activity in the future, but this kind of wanton violence.

The only reason that this is not a homicide case with possibly two victims is just blind luck that two people were not killed. That's the kind of violence we are talking about. When we talk about violence like that there's nothing for me to say in regard to mitigation. Like, at this point there's nothing I can do.

I can give the Commonwealth some credit because they could have asked for more jail time in this case. The Commonwealth has openly recognized the mitigating factors you hear of in this case. And I give them credit for the recommendation that was given since the man did plead guilty.

Because I will tell you the numbers I would have had in mind for a case like this and not out of retribution, not out of vengeance, but I'm also a resident. Rather than being someone whose job it is to oversee the case, I live in this town and I also live in Philadelphia.

This kind of wanton violence is just plain scary.

\*\*\*

[The trial court] is required to consider the particular offense and the circumstances surrounding it as well as the character for the defendant. The [trial court] considered the enumerated factors, as well as sentencing guidelines which we have done. In addition, the [trial court] must protect the public[,] [the] gravity of offenses committed as is relates to the impact and the life of victims and upon the community, as well as rehabilitative needs of the defendant.

N.T., 9/13/13, at 27-30.

Upon review, we discern no abuse of discretion. We conclude that the trial court, after considering the pre-sentence investigation report and the guidelines, placed adequate reasons on the record for its sentence. Contrary to Appellant's assertions, the trial court appropriately took into account the requisite sentencing factors, including the severity and impact of the crime on the victims and the public, Appellant's age and significant mental health problems, his expressions of remorse, his criminal history, his family circumstances, and the fact that he had pled guilty. Although Appellant argues that the trial court should have afforded greater consideration to the mitigating factors, "[the] weighing of factors under 42 Pa.C.S. § 9721(b) [is] exclusively for the sentencing court, and an appellate court could not substitute its own weighing of those factors." **Bricker,** 41 A.3d at 876. We conclude that the record supports the trial court's reasoning and that its decision comports with the applicable law. The trial court appropriately considered all of the evidence presented at the sentencing hearing to impose

an individualized sentence that neither exceeded the guidelines, nor fell outside of the statutory limits, and which was not clearly unreasonable. *Id.*

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2014