J-A29003-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
v. :
:
ESTELA PEREZ, :
:
Appellee : No. 2012 WDA 2013

Appeal from the Order entered November 25, 2013,
Court of Common Pleas, Allegheny County,
Criminal Division at No. CP-02-CR-0009911-2008

BEFORE:  DONOHUE, ALLEN and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:                **FILED FEBRUARY 06, 2015**

The Commonwealth of Pennsylvania ("the Commonwealth") appeals from the order entered on November 25, 2013 by the Allegheny County Court of Common Pleas, Criminal Division, granting Estela Perez's petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  After careful review, we reverse the PCRA court's order.

The relevant facts and procedural history of this case are summarized as follows.  On August 6, 2008, the Office of Attorney General ("OAG") arrested Perez and charged her with multiple counts of insurance fraud,[1] theft by deception,[2] attempt to commit theft by deception,[3] and criminal

---

[1]  18 Pa.C.S.A. § 4117(a)(2).

[2]  18 Pa.C.S.A. § 3922(a)(1).

[3]  18 Pa.C.S.A. §§ 901(a), 3922(a)(1).

*Retired Senior Judge assigned to the Superior Court.

conspiracy.[4]  These charges stem from nineteen insurance claims made by Perez relating to automobile accidents that never occurred.  Perez's case was set for trial on August 31, 2009, but she failed to appear and as a result, the trial court issued a bench warrant for her arrest.  In April 2012, Perez was arrested on that bench warrant in Virginia and subsequently transported back to Allegheny County.  On August 28, 2012, Perez pled guilty to insurance fraud, a third-degree felony, and theft by deception, a first-degree misdemeanor, and all her remaining charges were *nolle prossed*.  The trial court sentenced Perez to ten years of probation and ordered her to pay $46,617.43 in restitution.  Perez did not file any post-sentence motions or a direct appeal.

On March 20, 2013, Perez filed a timely PCRA petition in which she claimed that her plea counsel rendered ineffective assistance of counsel for failing to advise her of the potential immigration consequences of pleading guilty to a felony pursuant to **Padilla v. Kentucky**, 559 U.S. 356 (2010).  PCRA Petition, 3/20/13, ¶¶ 10-12.  On July 1, 2013, Perez filed an amended PCRA petition in which she added a claim that plea counsel was ineffective for failing to investigate and discuss with her the defense of duress, averring that she only participated in the schemes to defraud insurance companies to avoid abuse by her husband.  Amended PCRA Petition, 7/1/13, ¶¶ 15-24.  On August 21, 2013, the PCRA court held a hearing on Perez's PCRA

---

[4]  18 Pa.C.S.A. § 903(a)(1).

petition, with another hearing scheduled for November 25, 2013. However, on November 25, 2013, due to a scheduling mix up, the Commonwealth did not appear for the hearing. That same day, the PCRA court granted Perez's PCRA petition based on her **Padilla** claim and vacated her judgment of sentence. The trial court noted in its order "a lack of prosecution" on the part of the Commonwealth. **See** Trial Court Order, 11/25/13.

On December 23, 2013, the Commonwealth filed a timely notice of appeal. On January 6, 2014, the PCRA court ordered the Commonwealth to file a concise statement of the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On January 10, 2014, the Commonwealth filed a timely rule 1925(b) statement.

On appeal, the Commonwealth raises the following issues for our review and determination:

> I. Did the PCRA [court] err by refusing to address the issues set forth in the Commonwealth's concise statement of [the] errors complained of on appeal and by justifying its grant of relief by relying upon a new, alternative ground that was never raised by [Perez]?
>
> II. Did the PCRA court err in granting relief on the grounds that [plea] counsel was ineffective for failing to investigate and discuss the defense of duress with [Perez]?
>
> III. Did the PCRA court err in granting relief on the grounds that there was a lack of prosecution by [the Commonwealth] during post-conviction proceedings?

> IV. Did the PCRA court err in granting relief on the grounds that [plea] counsel was ineffective for failing to advise [Perez] on the potential immigration consequences associated with the entry of her guilty plea?

Commonwealth's Brief at 4.[5]

We begin by addressing the Commonwealth's first three issues in turn, as each is the result of confusion stemming from the PCRA court's initial Rule 1925(a) opinion in this case. For its first issue on appeal, the Commonwealth argues that the PCRA court erred by failing to address the issues set forth in the Commonwealth's Rule 1925(b) statement and by justifying the grant of Perez's PCRA petition on an alternative ground that she never raised. Commonwealth's Brief at 41-45. Our review of the PCRA court's original Rule 1925(a) opinion reveals that the PCRA court addressed none of the issues raised in the Commonwealth's Rule 1925(b) statement. *See* Trial Court Opinion, 4/15/14, at 2-4. Rather, the PCRA court determined that Perez was entitled to relief because she had received an insufficient guilty plea colloquy. *See id.* Accordingly, because the PCRA court did not address any of the issues in the Commonwealth's Rule 1925(b) statement, we remanded the case for the PCRA court to prepare a supplemental Rule 1925(a) opinion. *See* Order, 11/6/14. The PCRA court filed its supplemental Rule 1925(a) opinion addressing the issues set forth in the Commonwealth's Rule 1925(b) statement on December 17, 2014.

---

[5] We reordered the Commonwealth's issues for ease of review.

- 4 -

Additionally, we must agree with the Commonwealth that a deficient guilty plea colloquy cannot be the basis for the grant of PCRA relief in this case, however, as Perez never raised the issue in her PCRA petition. **See** Amended PCRA Petition, 7/1/13. To be eligible for relief under the PCRA, a petitioner "must plead and prove by a preponderance of the evidence" that he guilty plea was "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S.A. § 9543(a)(2)(iii). Here, Perez neither pleaded nor proved that she received an insufficient guilty plea colloquy.

For its second issue on appeal, the Commonwealth argues that the PCRA court erred in granting PCRA relief based on its determination that plea counsel was ineffective for failing to investigate and discuss the defense of duress with Perez. Commonwealth's Brief at 36-39. However, the Commonwealth raised this issue and filed its brief prior to the PCRA court's filing of a proper Rule 1925(a) opinion. In its supplemental Rule 1925(a) opinion, the trial court indicated that it did not base its decision to grant PCRA relief on plea counsel's failure to investigate or discuss with Perez the defense of duress. **See** PCRA Court Opinion, 12/17/14, at 6. The trial court determined that plea counsel had a reasonable strategic basis for not pursuing the defense of duress.[6] **Id.** Accordingly, this issue is moot. **See**

---

[6] The certified record reflects that plea counsel chose not pursue the defense of duress because of Perez's contradictory statements about the automobile accidents actually occurring and then later that her husband

***Commonwealth v. Bricker***, 41 A.3d 872, 881 (Pa. Super. 2012) ("An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.").

For its third issue on appeal, the Commonwealth argues that the PCRA court erred in granting PCRA relief based on its determination that there was a lack of prosecution by the Commonwealth during post-conviction proceedings. Commonwealth's Brief at 39-41. Like its second issue, the Commonwealth also raised this issue prior to the PCRA court's filing of a proper Rule 1925(a) opinion. In its supplemental Rule 1925(a) opinion, the PCRA court also indicated that it did not base its decision to grant PCRA relief on a lack of prosecution by the Commonwealth. ***See*** PCRA Court Opinion, 12/17/14, at 7. Accordingly, we conclude that this issue is likewise moot. ***See Bricker***, 41 A.3d at 881.

For its final issue on appeal, the Commonwealth challenges the PCRA court's determination that plea counsel was ineffective for failing to advise Perez on the potential immigration consequences associated with the entry of her guilty plea. Commonwealth's Brief at 24-36. "Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v.***

---

forced her to make false automobile insurance claims. N.T., 8/21/13, at 46, 53. Plea counsel did not believe that any testimony Perez would provide about the defense of duress would be credible. ***Id.*** at 46.

***Lippert***, 85 A.3d 1095, 1100 (Pa. Super 2014), *appeal denied*, 95 A.3d 277 (Pa. 2014). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Id.***

A "claim for ineffective assistance of counsel in connection with advice rendered regarding whether to plead guilty is cognizable under the PCRA pursuant to 42 Pa.C.S. § 9543(a)(2)(ii)." ***Commonwealth v. Barndt***, 74 A.3d 185, 191 (Pa. Super. 2013). In reviewing an allegation of ineffective assistance of counsel, we begin with the assumption that counsel was effective. ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987). Our Supreme Court has stated that in order "[t]o merit relief based on an ineffectiveness claim under the PCRA, a petitioner must show that such ineffectiveness 'in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" ***Commonwealth v. Collins***, 957 A.2d 237, 244 (Pa. 2008) (quoting 42 Pa.C.S.A. § 9543(a)(2)(ii)). This standard requires "a petitioner to prove that: (1) the underlying claim is of arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused the petitioner prejudice." ***Id.*** Our Supreme Court has held that to demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Commonwealth v.***

***King***, 57 A.3d 607, 613 (Pa. 2012). The failure by the petitioner "to satisfy any one of the three prongs of the test for ineffectiveness requires rejection of the claim." ***Collins***, 957 A.2d at 244.

Our Court has explained ineffectiveness claims in the context of the entry of a guilty plea as follows:

> The right to the constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea.
>
> > Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

***Barndt***, 74 A.3d at 192 (quotations and citations omitted).

Importantly, when the defendant is a noncitizen, the United States Supreme Court has held that counsel must inform him or her as to whether a plea carries a risk of deportation. ***Padilla v. Kentucky****,* 559 U.S. 356, 374 (2010). The Supreme Court explained,

> When the law is not succinct and straightforward …, a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear … the duty to give correct advice is equally clear.

*Id.* at 369 (footnote omitted). This Court has held that **Padilla** requires counsel to inform a defendant as to a risk of deportation, but not as to its certainty. **Commonwealth v. Escobar**, 70 A.3d 838, 841 (Pa. Super. 2013); **see also Commonwealth v. McDermitt**, 66 A.3d 810, 814 (Pa. Super. 2013) (holding that plea counsel's advice that defendant's guilty plea would render him "deportable" was not ineffective).

Here, the Commonwealth argues that the trial court erred in determining plea counsel was ineffective under **Padilla**. Commonwealth's Brief at 28-35. The Commonwealth asserts that Perez was fully aware of the risks associated with pleading guilty in this case. **Id.** Additionally, the Commonwealth contends that plea counsel properly advised Perez regarding the potential immigration consequences of pleading guilty by advising her to seek the counsel of an immigration attorney. **Id.** The Commonwealth asserts that this case is governed by **Commonwealth v. Wah**, 42 A.3d 335 (Pa. Super. 2012). **Id.** at 32-26.

In **Wah**, the appellant alleged that plea counsel was ineffective for failing to advise him of the specific immigration consequences of pleading guilty to Medicaid fraud in an amount in excess of $10,000. **Wah**, 42 A.3d

at 337, 340. This Court determined that counsel in that case acted within the range of professionally competent assistance because the appellant was aware that there could be deportation consequences associated with his guilty plea and because counsel suggested that the appellant seek the advice of an immigration attorney. *Id.* at 340-41. Our Court explained:

> In this case, appellant was removable as an "aggravated felon" based upon his conviction of a crime involving fraud or deceit in which the loss to the victim exceeded $10,000. 8 U.S.C. § 1227(a)(2)(A)(iii); 8 U.S.C. § 1101(a)(43)(M)(i). Certainly, this matter is more complex than the statute at issue in *Padilla*, which mandates removal for virtually all controlled substances convictions. We find that counsel acted within the range of professionally competent assistance when he recommended that appellant seek the advice of an expert in immigration law if he desired to know the specific consequences of his guilty plea.

*Id.* at 341.

We agree with the Commonwealth that *Wah* governs this case. Here, Perez was aware that her guilty plea in this case carried with it the risk of deportation:

> The Court: Did you know at the time you were doing this plea you very well could be separated from your children as a result of your status?
>
> [Perez]: Yes
>
> THE COURT: So you knew when you did the plea that your plea could result in you being deported and you would not be with your children?

- 10 -

[Perez]: But I thought that was the only option because they was telling me I didn't have any other options to go to or to go by.

THE COURT: So if I understand you correctly, you are saying that you understood that you could possibly be separated from your children as a result of the plea, but the reason why you took the plea is because you were informed that you had no alternative or you had no positive alternative than just to plead and take the consequences from the district attorney because your defense attorney had led you to believe that your situation was hopeless, there was no defense or anything else that you could say that would allow you to possibly be extricated or vindicated or that you would not be found guilty?

[Perez]: Right.

N.T., 8/21/13, at 32-33.

Additionally, the record reflects that plea counsel advised Perez to seek the counsel of an immigration attorney:

Q. When did you become aware of her immigration status?

A. From the very beginning.

Q. How so? How did you become aware?

A. She told me.

Q. What did she tell you?

A. The initial -- I had numerous discussions with the prior Attorney General, Deputy Attorney General Scott Robinette, tried to convince him to allow [Perez] to plead to a misdemeanor rather than a felony because either from the very beginning or shortly thereafter she did not want to plead to the felony because of the immigration issue. Mr. Robinette would not

bend. We had a trial scheduled before Judge Mariani where I discussed the possibility of either a non-jury trial, jury trial or a plea with [Perez] and she did not want to do a non-jury trial, Judge Mariani could not do a jury trial that day and she didn't want to do a plea because of the possibility that pleading to a felony could result in her deportation.

\* \* \*

A. She did not want to plead to the felony because she did not want to take the risk that it might cause deportation.

Q. Did you advise her as to the risk of deportation?

A. No. I told her that I did not know what the possibility or what ramifications were of a plea to a felony with respect to deportation. I advised her at that time and I advised her -- because there were several postponements and then there was a period of time when she was unavailable, but throughout the period of time I advised her that I could not tell her what the outcome of a plea to a felony would be and that she should discuss that with an immigration attorney that after she discussed that with an immigration attorney[,] then she could make a decision.

*Id.* at 46-48.

Therefore, as in **Wah**, Perez was aware that there was a risk of deportation associated with pleading guilty, and plea counsel advised her to seek the advice of an immigration attorney to learn the specific ramifications of pleading guilty. **See id.** at 32-33, 46-48. Therefore, we conclude that plea counsel's actions were within the range of professionally competent

assistance and that the PCRA court erred in determining that plea counsel was ineffective.

Both the PCRA court and Perez make much of the fact that plea counsel answered "no" to the question of "[d]id you advise [Perez] as to the risk of deportation?" *See* Supplemental Trial Court Opinion, 12/17/14, at 1-2; Perez's Brief at 5. However, in doing so, the PCRA court and Perez overlook the context of this single answer. Counsel's testimony, as a whole, indicates that Perez was clearly aware that pleading guilty in this case carried with it the risk of deportation and that plea counsel advised her to seek the advice of an immigration attorney regarding the consequences of pleading guilty. *See* N.T., 8/21/13, at 32-33, 46-48. Furthermore, Perez cannot now, having testified at the PCRA hearing that she was apprehensive about pleading guilty specifically because of the risk of deportation, argue that her guilty plea was unknowing or involuntary and that plea counsel was ineffective for his failure to apprise her of that risk.

Order reversed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2015

- 13 -