**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**James Kenneth BRICKER, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 7, 2011.

Filed March 27, 2012.

William J. Miele, Williamsport, for appellant.

Eric R. Linhardt, Assistant District Attorney, Williamsport, for Commonwealth, appellee.

BEFORE: ALLEN, OLSON and FITZGERALD,* JJ.

OPINION BY OLSON, J.

Appellant, James Kenneth Bricker, appeals from the judgment of sentence entered February 4, 2011, made final by the denial of his post-sentence motion, committing him to an aggregate of 30 years and 3 months to 60 years and 6 months' incarceration for convictions on six counts of criminal solicitation,[1] two counts of endangering the welfare of a child,[2] two counts of corruption of minors,[3] and one count of indecent assault.[4] We affirm.

---

* Former Justice specially assigned to the Superior Court.

1.  18 Pa.C.S.A. § 902; 18 Pa.C.S.A. § 3121; 18 Pa.C.S.A. § 3123; 18 Pa.C.S.A § 3126.

2.  18 Pa.C.S.A. § 4304.

3.  18 Pa.C.S.A. § 6301.

4.  18 Pa.C.S.A. § 3126.

The trial court recited the relevant factual background of this matter as follows:

In the case at bar, the mother of an [11] year-old male child, T.H., came to the police station and reported that she found a back pack at her residence belonging to [Appellant] which contained pornographic magazines and DVDs. T.H. reported that [Appellant] had [T.H.] and his friends disrobe under a blanket in front of [Appellant] and in return they would be given nude magazines. The next day, the police spoke to T.H.'s friends, B.K. and L.F. [Both B.K. and L.F. were also 11 year-old boys at the relevant time.] B.K. told the police that [Appellant] asked B.K. and L.F. if they wanted to do something to watch a movie. [Appellant] then directed B.K. and L.F. to take off their clothes. [Appellant] then had them touch each other's penises and insert their penis[es] into the other person's buttocks as [Appellant] watched. [Appellant] then let them watch a Girls Gone Wild movie. L.F. told the police that [Appellant] gave B.K. $20 and L.F. $10 to touch each other's penises, masturbating each other while [Appellant] watched. Then [Appellant] had them insert their penis[es] into the other's buttocks. L.F. reported that while [Appellant] watched them do this, [Appellant] had his penis out of his pants with his hands on it. L.F. also stated that [Appellant] fondled L.F.'s penis. L.F. said for doing all these things, [Appellant] played a nude DVD that they all watched.

Trial Court Opinion, 5/11/2011, at 5.[5]

On May 5 and 6, 2010, the trial court conducted a jury trial wherein the jury found Appellant guilty of the aforementioned crimes. The trial court sentenced Appellant on February 4, 2011. Appellant filed a post-sentence motion, setting forth the same claims he now raises on appeal. On May 10, 2011, the trial court denied Appellant's post-sentence motion. This timely appeal followed.[6]

Appellant presents four issues on appeal:

Whether the trial court abused its discretion by imposing a manifestly excessive sentence?

Whether the trial court erroneously denied the Appellant's motion to dismiss the charges of solicitation as the [Appellant] cannot solicit a non-crime?

Whether the trial court erred when they included jury instruction 12.902(A), as the [Appellant] cannot solicit a non-crime?

Whether the trial court erred when granting the Commonwealth's motion to amend the information?

Appellant's Brief at 4.[7]

■■■ Appellant's first issue challenges the discretionary aspects of his sentence.

A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary

---

5. We note that the trial court opinion is not paginated. We added a page number for ease of reference.

6. The requirements of Pennsylvania Rule of Appellate Procedure 1925 have been satisfied in this matter.

7. For ease of disposition, we re-ordered the presentation of Appellant's issues on appeal.

aspects of a sentence.[8] Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. McAfee,* 849 A.2d 270, 274 (Pa.Super.2004) (internal citations omitted). Moreover, we note that when determining whether an appellant has set forth a substantial question "[o]ur inquiry must focus on the reasons for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." *Commonwealth v. Tirado,* 870 A.2d 362, 365 (Pa.Super.2005) (emphasis in original), *quoting Commonwealth v. Goggins,* 748 A.2d 721, 727 (Pa.Super.2000) (en banc).

In the present case, Appellant's brief contains the requisite Rule 2119(f) concise statement, and, as such, is in technical compliance with the requirements to challenge the discretionary aspects of a sentence. *See* Appellant's Brief at 9. Therefore, we proceed to determine whether Appellant has presented a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *See McAfee,* 849 A.2d at 274.

▬▬▬ According to Appellant, the sentence imposed is "manifestly excessive" because it is "at the high end of the sentencing guidelines based upon the seriousness of the offense," "[d]espite the fact that Appellant had no prior criminal history and maintained employment throughout

his life." Appellant's Brief at 9. "[A]n averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question." *Commonwealth v. Macias,* 968 A.2d 773, 776 (Pa.Super.2009). Therefore, we will review the merits of Appellant's discretionary sentencing challenge.

Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Cunningham,* 805 A.2d 566, 575 (Pa.Super.2002) (citations omitted). More specifically, 42 Pa.C.S.A. § 9721(b) offers the following guidance to the trial court's sentencing determination:

[T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

Furthermore,

Section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circum-

---

8. *See* Pa.R.A.P. 2119(f).

stances of the case; and (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S. § 9781(c). Under 42 Pa.C.S. § 9781(d), the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines. The ... weighing of factors under 42 Pa.C.S. § 9721(b) [is] exclusively for the sentencing court, and an appellate court could not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S. § 9781(c).

*Commonwealth v. Bowen*, 975 A.2d 1120, 1123–1124 (Pa.Super.2009) (citations omitted).

According to Appellant, the trial court in this matter abused its discretion when it sentenced him within the upper end of the standard range for each offense for which the jury found him guilty, resulting in an aggregate sentence of over 30 to over 60 years' incarceration. Appellant's Brief at 12. Appellant alleges that the aggregate sentence is manifestly excessive, especially because prior to his convictions he had no prior record and maintained steady employment. *Id.* In addition, Appellant cites the fact that he provided numerous certificates of Bible studies that he completed while incarcerated. *Id.*

In support of his claims, Appellant compares himself to the defendant in *Commonwealth v. Parrish*, 340 Pa.Super. 528, 490 A.2d 905 (1985), *appeal quashed for lack of jurisdiction*, 515 Pa. 297, 528 A.2d 151 (1987), *abrogated on other grounds by Commonwealth v. Gaddis*, 432 Pa.Super. 523, 639 A.2d 462 (1994), who also had no criminal history. In *Parrish*, our Court vacated and remanded the defendant's sentence, holding that the trial court "failed to impose a sentence consistent with the protection of society and the rehabilitative needs of the defendant." *Parrish*, 490 A.2d at 908. Significant to our Court's disposition in that matter was the fact that the sentencing judge focused solely upon the seriousness of the offense, and did not adequately consider "the total picture" presented by that defendant's situation. *Id.* at 908.

The record in this matter, however, demonstrates that in determining Appellant's sentence, the sentencing court thoroughly considered the totality of requirements mandated by Pennsylvania law, including the protection of the public and Appellant's rehabilitative needs, in addition to the seriousness of his offense. Specifically, the sentencing order states that:

[i]n considering the sentence, the [trial court] has, of course, considered the [pre-sentence investigation report],[9] the Megan's Law Assessment and testimony. The [trial court] has particularly considered the predatory nature of [Appellant's] conduct, including his games such as the blanket game, his payment of money, his grooming, using pornographic and other tactics. These factors convinced the [trial court] that [Appel-

---

**9.** "[W]here the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defen-

dant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa.Super.2004).

lant] is, in fact, a danger to the public, and particularly to prepubescent males. Order, 2/4/2011, at 3. Furthermore, at the sentencing hearing, the trial court acknowledged Appellant's lack of criminal record and his expression of remorse for his actions, but found that Appellant's circumstances called for the sentences imposed. N.T., 2/4/2011, at 23. Moreover, the trial court noted that while the sentences imposed were at the top of the standard range and ran consecutively, the trial court did not aggravate the sentence because it believed that the minimum aggregate sentence was sufficient. Order, 2/4/2011, at 3.

Based upon this record, we cannot find that the trial court abused its discretion when determining Appellant's sentence. Therefore, while we granted Appellant's petition for allowance of appeal on this issue, we hold that it has no merit.

■ Appellant's second issue on appeal seeks reversal of his convictions for solicitation, arguing that he cannot be convicted for soliciting actions that do not amount to a criminal offense. Appellant's Brief at 12–14. Though phrased as an appeal from the trial court's denial of his pre-trial motion to dismiss the solicitation charges, Appellant's issue actually challenges the sufficiency of the evidence of his solicitation convictions.

In *Commonwealth v. Hennigan*, 753 A.2d 245 (Pa.Super.2000), our Court set forth the applicable standard for assessing a challenge to the sufficiency of the evidence:

"The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Heberling*, 451 Pa.Super. 119, 678 A.2d 794, 795 (Pa.Super.1996) (*citing Commonwealth v. Williams*, 539 Pa. 61, 650 A.2d 420 (1994)). In applying [the above] test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. *Commonwealth v. Cassidy*, 447 Pa.Super. 192, 668 A.2d 1143, 1144 (Pa.Super.1995) (citations omitted). The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. *Commonwealth v. Valette*, 531 Pa. 384, 613 A.2d 548, 549 (1992) (citations and quotation marks omitted). *Commonwealth v. Vetrini*, 734 A.2d 404, 406–407 (Pa.Super.1999).

*Hennigan*, 753 A.2d at 253 (parallel citations omitted).

Appellant challenges the sufficiency of the evidence for his convictions of criminal solicitation. Pursuant to 18 Pa.C.S.A. § 902(a):

A person is guilty of solicitation to commit a crime if with the intent of promoting or facilitating its commission he commands, encourages or requests another

person to engage in specific conduct which would constitute such crime or an attempt to commit such crime or which would establish his complicity in its commission or attempted commission.

18 Pa.C.S.A. § 902(a).

In this matter, a jury convicted Appellant of six counts of solicitation, involving three different underlying crimes: rape of a child; involuntary deviate sexual intercourse with a child; and indecent assault. Pursuant to Pennsylvania statutes:

A person commits the offense of **rape of a child,** a felony of the first degree, when the person engages in sexual intercourse with a complainant **who is less than 13 years of age.**

18 Pa.C.S.A. § 3121(c) (emphasis added).

A person commits **involuntary deviate sexual intercourse** with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant **who is less than 13 years of age.**

18 Pa.C.S.A. § 3123(b) (emphasis added). And:

A person is guilty of **indecent assault** if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and ... **the complainant is less than 13 years of age.**

18 Pa.C.S.A. § 3126(a)(7) (emphasis added).

The thrust of Appellant's claim is that he cannot be convicted of soliciting any of the above referenced offenses because precedent from our Court establishes that consensual sexual activity between peers (*i.e.* two 11 year-olds) is not a crime. Appellant's Brief at 14, *citing In re B.A.M.,*

806 A.2d 893 (Pa.Super.2002). According to Appellant, because B.K. and L.F. did not personally commit crimes when they engaged in sexual activities with each other, Appellant cannot be convicted under *In re B.A.M.* of soliciting them to participate in those acts. Appellant's Brief at 14. We disagree.

Specifically, *In re B.A.M.* involved two 11–year–old boys who went bike riding in the woods. Once there, they performed anal sex on one another. *In re B.A.M.,* 806 A.2d at 893–894. In the process, one of the boys somehow got chewing gum on his penis. *Id.* at 894. That evening, while trying to remove the gum, the boy was discovered by his grandmother, to whom he reported that the other boy had forced him to participate in the sexual activity. *Id.*

The Commonwealth charged the other boy with rape by forcible compulsion, involuntary deviate sexual intercourse by forcible compulsion, involuntary deviate sexual intercourse with a victim under 13, and sexual assault based on lack of consent. *Id.* After a hearing, the trial court adjudicated the boy delinquent of rape of a victim under 13 and involuntary deviate sexual intercourse with a victim under 13. *Id.* Significant to the trial court's holding was the finding that, although there had been no forcible compulsion or lack of consent—the boy was adjudicated delinquent simply for participating in the sexual activity with someone under 13, even though he too was under 13. *Id.*

On appeal, our Court considered whether statutory provisions that criminalize sexual relations with persons under the age of 13 apply when the perpetrator himself is also under the age of 13. *Id.* We traced the history of statutes setting age-based culpability guidelines for sexual relations, and observed that the statutes at issue in that matter were "not intend[ed]

to criminalize consensual sexual activity between peers. Rather, it is clear that these statutes ... were designed to protect from older predators children who, by virtue of their immaturity, lack of information, and uninformed judgment, were unable to consent to sexual relations." *Id.* at 897. Relying in large part upon the Pennsylvania Supreme Court's decision in *Commonwealth v. Albert*, 563 Pa. 133, 758 A.2d 1149 (2000), where "our Supreme Court made it clear that the punishment of teenagers for normal sexual contact with their peers was not the Legislature's objective," we held that to hold an 11–year–old boy criminally responsible for having mutually agreed upon sexual relations with another 11–year–old boy would be absurd. *In re B.A.M.*, 806 A.2d at 894, 897–898 (noting that pursuant to 1 Pa.C.S.A. § 1922(1), the "General Assembly does not intend a result that is absurd, impossible of execution, or unreasonable.") Consequently, we reversed the boy's adjudication, holding that "there can be no legitimate interest in prosecuting consensual sexual activity between two children." *In re B.A.M.*, 806 A.2d at 898.

Since *In re B.A.M.*, our Supreme Court decided the case of *Commonwealth v. Hacker*, 609 Pa. 108, 15 A.3d 333 (2011), wherein the defendant was found guilty of criminal solicitation with the intent of promoting or facilitating the rape of a child. In that matter, while playing a game of "truth or dare," the defendant, who was over the age of 18, dared a 12–year–old girl to perform oral sex on a 13–year–old boy. *Id.* at 334. When the young girl refused, the defendant threatened to tell the girl's mother that the girl had misbehaved. *Id.* The defendant then took the girl by the hand, walked her across the bedroom, and sat her down next to the young boy. *Id.* The young girl then performed oral sex on the young boy. *Id.* A jury convicted the defendant of solicitation to commit rape of a child. *Id.*

On appeal, the defendant argued that she could not be convicted of solicitation because the Commonwealth had failed to prove that she knew that the young girl was under the age of 13. *Id.* The Supreme Court affirmed the defendant's conviction, holding that "a solicitor may not escape liability for the rape of a child merely by proffering ignorance as to the victim's age." *Id.* at 336.

In this matter, Appellant argues that because B.K. and L.F. were both under the age of 13, and because the sexual acts between them were between peers, pursuant to the holding of *In re B.A.M.*, no sexual crimes occurred. Appellant's Brief at 14. Appellant also attempts to distinguish this case from *Hacker* by arguing that in *Hacker*, one of the children was 13 and therefore able to consent to and initiate sex. *Id.* Appellant further argues that pursuant to our holding in *In re B.A.M.*, because B.K. and L.F. were under 13, neither child could legally consent to sexual activity, and neither child could be held criminally liable for sexual activity with the other. *Id.* Ultimately, Appellant argues that *In re B.A.M.* and *Hacker* require dismissal of his solicitation convictions because, taken together, both cases preclude the Commonwealth from establishing an underlying offense for purposes of prosecuting the crime of solicitation. *Id.*

We, however, disagree with Appellant's application of precedent. Our holding in *In re B.A.M.* was intended to address situations limited strictly to sexual acts initiated by and involving only peers—not to sexual acts done at the coercion of an adult. Indeed, although our decision in *In re B.A.M.* held that an 11 year-old may not be charged criminally for having mutually agreed upon sexual relations with another 11 year-old child, nothing in our opinion

was intended to diminish the well-accepted principle that an 11 year-old lacks the legal capacity to consent to sexual activity. *In re B.A.M.*, 806 A.2d at 898. To the contrary, our holding in *In re B.A.M.* emphasizes that children under the age of 13 "are deemed by the legislature to be incapable of consenting to sexual activity." *Id.*

We acknowledge that our use of the term "consensual" in *In re B.A.M.* can be confusing and may appear to be in conflict. Specifically, in *In re B.A.M.* we held that "[t]here can be no legitimate interest in prosecuting consensual sexual activity between two children under 13," but then go on to state that children under the age of 13 are incapable of consent. *Id.* (emphasis added). Appellant seeks to exploit that conflict, while turning the intent of our holding in *In re B.A.M.* on its head. According to Appellant's interpretation, any sexual activity between children under the age of 13 is not a crime. Applying Appellant's interpretation of *In re B.A.M.* to other scenarios, he would have that case determine that, regardless of the level of forcible compulsion used, a child under the age of 13 is incapable of rape. Such a dangerous result was certainly not our intent and is not supported by *In re B.A.M.*

To the contrary, we rendered the decision in *In re B.A.M.* to protect children while avoiding absurdities in application of our Legislature's statutes. The entire basis of our holding in *In re B.A.M.* and the cases relied upon in reaching that decision focused on the fact that "the statutes before us are deliberately protective, specifically intended by the Legislature to shield young children from sexual predation by older teenagers and adults." *Id.* at 895. As was expressly noted by this Court in *In re B.A.M.* "[o]ur appellate courts have stated **definitively** that **those enactments were designed to protect children from exploitation by their elders.**" *Id.* at 897

(emphasis added). Were we to have worded our holding in *In re B.A.M.* more precisely, we would have strictly limited the holding to its facts wherein mutually agreed upon sexual activity between peers under the age of 13 is not a crime. This clarification of *In re B.A.M.* permits us to hold that, in situations where persons over the age of 13 coerce the sexual activity of two children under the age of 13, that sexual activity may form the underlying basis for the crime of solicitation.

Consequently, with regard to this matter, simply because B.K. and L.F. could not be found to be criminally liable had they engaged in mutually agreed upon sexual activity with one another, does not make the solicitation of that activity any less of a crime. Regardless of our conflicting use of the term "consensual" in *In re B.A.M.*, the acts in this case were not even consensual; B.K. and L.F. acted at the direction and coercion of Appellant, orchestrated through predatory games, bribes, inducements, and grooming. Unlike the sexual activity in *In re B.A.M.* that was initiated by and conducted only between peers, the sexual activity here was initiated and directed by an adult.

Furthermore, while we agree with Appellant that the Supreme Court's recent holding in *Hacker* is factually different from this case because one of the children in *Hacker* was 13, the Supreme Court's explanation of the crime of solicitation in that matter only solidifies our holding here. In *Hacker*, the Supreme Court explained that:

> [t]he purpose of the solicitation statute is to hold accountable those who would command, encourage, or request the commission of crimes by others. Clearly, without [the defendant's] commands, encouragements and requests, there would never have been a crime against [the young girl]. The statute requires

proof of such encouragement, but with the intent to accomplish the acts which comprise the crime, not necessarily with intent specific to all the elements of that crime, much less those crimes with elements for which scienter is irrelevant. [The defendant] intentionally encouraged the specific conduct which comprised this crime. The encouragement was with the intent of facilitating or promoting commission of that conduct. That is sufficient to satisfy the requirements of the solicitation statute.

*Hacker*, 15 A.3d at 336. In this matter, like in *Hacker*, were it not for Appellant's direction, encouragement, bribes and general illicit coercion to commit acts which comprise a crime for which scienter is irrelevant, the sexual activities between B.K. and L.F. would not have occurred.

Therefore, when we properly apply the holdings from *In re B.A.M.* and *Hacker*, we conclude that because B.K. and L.F. engaged in sexual activity at the direction of Appellant, who is an adult, and because neither boy was legally capable of giving consent to the sexual activity, the sexual conduct was not consensual and that nonconsensual sexual activity constituted a crime. Consequently, we hold that Appellant's solicitation of the sexual activities in this matter was a crime, and he may therefore be held criminally liable for solicitation. Appellant's second issue on appeal is without merit.

Appellant's third issue on appeal relates back to his arguments regarding application of *In re B.A.M.* Specifically, Appellant argues that the jury instruction with regard to criminal solicitation should not have been read to the jury because, pursuant to application of *In re B.A.M.*, no underlying crime occurred in this matter

that could allow him to be convicted of criminal solicitation. Appellant's Brief at 17. Therefore, Appellant believes that presenting the jury instruction addressing criminal solicitation to the jury was an error of law, entitling him to a new trial. *Id.*

For the reasons set forth in our resolution of Appellant's second issue on appeal, we reject that Appellant's actions in this matter could not amount to a conviction for criminal solicitation. Appellant misapplies our holding in *In re B.A.M.* For those same reasons, we hold that reading the solicitation instruction to the jury did not constitute an error. Appellant's third issue on appeal lacks merit.

■ Appellant's fourth issue on appeal argues that the trial court erred in permitting the Commonwealth to amend its information to include theories of accomplice liability as to counts 15, 16, 17, 18, 19, 20, and 21. Appellant's Brief at 15–17. However, Appellant's appeal of the amendment of counts 15, 16, 17, 18, 19, and 21 is moot, as the trial court dismissed those counts for lack of evidence. Order, 5/17/2010.[10] *Rivera v. Pennsylvania Department of Corrections*, 837 A.2d 525, 527 (Pa.Super.2003) ("An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect."), *citing In re D.A.*, 801 A.2d 614, 616 (Pa.Super.2002) *(en banc)* (citations and quotation marks omitted).

The only remaining count, count 20 for indecent assault, was not charged as a solicitation or an accomplice liability offense, but went to the jury based upon independent evidence of Appellant's liability as a principle actor. Therefore, Appellant's argument against amendment of the

---

**10.** We note that the relevant order was dated May 6, 2010, and signed on May 14, 2010, but not docketed until May 17, 2010. We cite to the docketed date (May 17, 2010) for all reference purposes.

information is inapplicable as to count 20. Appellant's fourth issue on appeal lacks merit.

Judgment of sentence affirmed.