J. S59032/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
                                 :           PENNSYLVANIA
                Appellee      :
                                 :
                  v.          :
                                 :
JAMES CLAYTON GRACE,         :
                               :
             Appellant     :      No. 459 WDA 2015

Appeal from the Judgment of Sentence March 10, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division No(s).: CP-02-CR-0006787-2013
CP-02-CR-0008328-2013

BEFORE: BOWES, DONOHUE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:        **FILED OCTOBER 15, 2015**

Appellant, James Clayton Grace, appeals from the judgment of

sentence entered in the Allegheny County Court of Common Pleas.

Following a non-jury trial, at 6787-2013, Appellant was found guilty of

aggravated assault,[1] simple assault,[2] harassment,[3] disorderly conduct,[4] and

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(1).

[2] 18 Pa.C.S. § 2701(a)(1).

[3] 18 Pa.C.S. § 2709(a)(1).

[4] 18 Pa.C.S. § 5503(a)(4).

public drunkenness.[5]  Appellant entered a general plea to burglary,[6] criminal trespass,[7] terroristic threats,[8] and possession of a weapon[9] at 8328-2013. N.T., 12/9/13, at 30.  We affirm.

We glean the facts from the record.  At trial, Victim testified that Appellant was her boyfriend.  N.T., 12/5/13, at 8.  Victim was not in a relationship with him at the time of the incident on May 3, 2013.  *Id.*  She had filed a temporary protection from abuse[10] ("PFA") petition, which excluded him from Victim's residence.  *Id.*  Appellant was at Victim's house near her garage when she first saw him.  *Id.* at 9.  She told him he was not allowed to be there because of the PFA.  *Id.*  Appellant hit Victim with "closed fists, on each side of [her] face."  *Id.* at 10.  Her face was bleeding. *Id.* at 11.  Victim testified that after he stopped hitting her, she ran "down the road" yelling "He's going to kill me.  Somebody help me."  *Id.* at 12. Appellant "tackled" her and she "landed flat in the road."  *Id.* at 12-13.  She

---

[5] 18 Pa.C.S. § 5505.

[6] 18 Pa.C.S. § 3502(a)(2).

[7] 18 Pa.C.S. § 3503(a)(1)(i)-(ii).

[8] 18 Pa.C.S. § 2706(a)(1).

[9] 18 Pa.C.S. § 907(b).

[10] At the sentencing hearing, Appellant referred to the incident that gave rise to the PFA.  She stated that on May 1st, 2013, she "woke up to [Appellant] naked on top of [her], strangling [her]."  N.T. Sentencing Hr'g, 3/10/14, at 12.

testified that he "put his hand around my neck and strangled me as he was punching me, telling me to shut the 'F' up." *Id.* at 13. Her neighbor came out and Appellant "took off down the road." *Id.* at 15. Victim's neighbor, David Dull, was aware of the fact that "she had a PFA against" Appellant. N.T., 12/9/13, at 5-6. He called 911. *Id.* at 7. He saw Appellant punching Victim and heard her screaming "stop, you're going to kill me . . . ." *Id.* at 8. He testified Appellant "had her by the throat and he was punching her in the face." *Id.* Dull ran towards Appellant and Appellant released Victim. *Id.* at 9.

On March 10, 2014, Appellant was sentenced to six to twenty years' imprisonment for the criminal complaint at 6787-2013 and a concurrent term of imprisonment of two to five years for the criminal complaint at 8328-2013. N.T., 3/10/14, at 16. Appellant filed a *pro se* motion to modify sentence on March 17, 2014.[11]

On December 2, 2014, Appellant filed a *pro se* Post Conviction Relief Act[12] ("PCRA") petition. The court appointed counsel to represent Appellant. Counsel filed an amended PCRA petition. On January 21, 2015, the court granted the petition and reinstated Appellant's post-sentence rights *nunc pro tunc*.

---

[11] We note that the record in 6787-2013 contains the consolidated filings for 6787-2013 and 8328-2013.

[12] 42 Pa.C.S. §§ 9541-9546.

On January 26, 2015, Appellant filed a post-sentence motion. The trial court denied his post-sentence motion on March 11, 2015. This timely appeal followed. Appellant filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the trial court filed a responsive opinion.

Appellant raises the following issue for our review:

> 1. Did the trial court err in denying Appellant's post sentencing motions since the trial court erred in imposing an excessive aggravated range guideline sentence of 6-20 years' imprisonment at the aggravated assault conviction at 6787-2013, especially since Appellant possessed longstanding mental health, drug and alcohol problems, which greatly contributed to the instant aggravated assault. Moreover, the trial court failed to consider all of the factors contained at 42 Pa.C.S. § 9721(B)?

Appellant's Brief at 3.

Appellant challenges the discretionary aspect of his sentence. This Court has stated

> discretionary aspects of [ ] sentence . . . are not appealable as of right. Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by satisfying a four-part test.
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015) (some citations omitted).

Instantly, Appellant timely appealed, preserved his issue in his post sentence motion, and included a Pa.R.A.P. 2119(f) statement in his brief. According, we ascertain whether Appellant has raised a substantial question. *See id.*

"We have held that a substantial question is raised where an appellant alleges the sentencing court erred by imposing an aggravated range sentence without consideration of mitigating circumstances." *Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012). This Court has stated that "to the extent that [a defendant's] claim impugns the trial court's failure to offer specific reasons for the sentence that comport with the considerations required in section 9721(b), we conclude that it raises a substantial question . . . ." *Commonwealth v. Coulverson*, 34 A.3d 135, 143 (Pa. Super. 2011) (citation omitted).

Appellant contends the trial court imposed a manifestly excessive aggravated guideline range sentence because he suffered from borderline personality disorder and was addicted to drugs and alcohol. Appellant's Brief at 11-12. Appellant argues he needs psychiatric help and medication rather than imprisonment. *Id.* at 12. He avers the "[c]ourt failed to consider the factors at 42 Pa.C.S. § 9721(b), including the protection of the public, the

gravity of the offense as it relates to the community, and [his] rehabilitative needs, including the nature and characteristics of" Appellant. *Id.*

We find that Appellant's rule 2119(f) statement presents a substantial question. *See Bowen*, 55 A.3d at 1263; *Coulverson*, 34 A.3d at 143. Therefore, we will review the merits of Appellant's challenge to the discretionary aspects of his sentence.

Our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

> More specifically, 42 Pa.C.S.A. § 9721(b) offers the following guidance to the trial court's sentencing determination:

> [T]he sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

> 42 Pa.C.S.A. § 9721(b).

> Furthermore,

> Section 9781(c) specifically defines three instances in which the appellate courts should vacate a sentence and remand: (1) the sentencing court applied the guidelines erroneously; (2) the sentence falls within the guidelines, but is "clearly unreasonable" based on the circumstances of the

case; and (3) the sentence falls outside of the guidelines and is "unreasonable." 42 Pa.C.S. § 9781(c). Under 42 Pa.C.S. § 9781(d), the appellate courts must review the record and consider the nature and circumstances of the offense, the sentencing court's observations of the defendant, the findings that formed the basis of the sentence, and the sentencing guidelines. The weighing of factors under 42 Pa.C.S. § 9721(b) is exclusively for the sentencing court, and an appellate court could not substitute its own weighing of those factors. The primary consideration, therefore, is whether the court imposed an individualized sentence, and whether the sentence was nonetheless unreasonable for sentences falling outside the guidelines, or clearly unreasonable for sentences falling within the guidelines, pursuant to 42 Pa.C.S. § 9781(c).

*Commonwealth v. Bricker*, 41 A.3d 872, 875-76 (Pa. Super. 2012)

(alterations and some citations omitted).

Our Supreme Court has stated:

Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. **Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.** This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. . . .

*Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) (emphasis added).

At the sentencing hearing, the court stated that it had "ordered, read and considered a presentence report prepared in [Appellant's] behalf. In addition to that, I have a service plan . . . from Justice Related Services." N.T. Sentencing Hr'g, 3/10/14, at 3. Appellant's counsel noted that "both my client and I have read the presentence report." *Id.*

> [W]e are in agreement with Dr. Martone, what she says in the presentence report that [Appellant] does need dual diagnosis treatment for his mental health issues, also with his drug and alcohol problems. I would like the [c]ourt to know that he was honorably discharged from the Army back in 1993. He was diagnosed as having borderline personality disorder and, of course he's going to need treatment from [sic] that.

*Id.* at 4.

The trial court stated that Victim

> did everything right that she was supposed to and she acted under the law. When she first became afraid of you, she went and got a PFA so that you would stay away from [her] and her children. You reacted by assaulting her, punching in her face, breaking into her house. . . . You have the prior conviction for attempted murder with a firearm of a police officer or of a sheriff's officer and you were paroled in 2010. . . . You did a long term in the state penitentiary, but since you got out, you were arrested beside the two cases I have for another assault. It's interesting that before the incidents you were not taking your meds but do admit to self-medicating . . . .[13] You knew that you had problems, you knew that you were out of control. The courts have made several attempts to

---

[13] At trial, Appellant testified that he suffered from mental illness, specifically borderline personality disorder and he stated he was bipolar. N.T., 12/9/13, at 17. He testified at sentencing that he has "a problem with drugs and alcohol, and it fuels this anger and bitterness from when I was a kid and I need some help." N.T., 3/10/14, at 5.

rehabilitate you and you have failed at all of them. You continue to live a life of assaultive behavior and criminal activity.

The [c]ourt agrees that you are a danger to the community.

*Id.* at 15-16.

Appellant's argument that the trial court ignored mitigating factors is belied by the record. Furthermore, the court considered the presentence report. *See Devers*, 546 A.2d at 18. Appellant's claim that the court failed to offer specific reasons for the sentence pursuant to Section 9721 factors is without merit. *See Coulverson*, 34 A.3d at 143. Accordingly, after examining the record as a whole, we find that the trial court's sentence was not manifestly excessive. We discern no abuse of discretion. *See Bricker*, 41 A.3d at 875-76.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2015