J-S56008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHARLES RICHARD BRENNAN, | |
| Appellant | No. 1363 MDA 2014 |

Appeal from the Judgment of Sentence July 7, 2014
In the Court of Common Pleas of Clinton County
Criminal Division at No(s): CP-18-CR-0000446-2013

BEFORE:  SHOGAN, JENKINS, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED NOVEMBER 06, 2015**

Appellant, Charles Richard Brennan, appeals from the judgment of sentence entered following his conviction of receiving stolen property.  We affirm.

The trial court summarized the procedural history of this case as follows:

> [Appellant] was charged pursuant to a criminal complaint filed on August 12, 2013, by Patrick J. Bowes of the Department of Conservation and Natural Resources before Magisterial District Judge Frank P. Mills.  [Appellant] was charged with Receiving Stolen Property a felony of the third degree concerning an incident that occurred on Friday, July 12, 2013.  [Appellant] was

---

[*]  Retired Senior Judge assigned to the Superior Court.

also charged with related summary offenses.[1]   [Appellant] was held for Court after a preliminary hearing on October 1, 2013. After a jury trial on May 30, 2014, [Appellant] was found guilty of Receiving Stolen Property and a jury also determined that the evidence established beyond a reasonable doubt that the stolen property was a motor propelled vehicle.  Therefore, the grading of the Receiving Stolen Property charge was determined to be a felony of the third degree.  [Appellant] was sentenced by this Court on July 7, 2014 concerning Count 1, Receiving Stolen Property, a felony of the third degree, to pay a fine of $1,000.00 along with court costs and restitution and to undergo imprisonment in a State Correctional Institution the minimum of which would be fifteen (15) months and the maximum of which would be thirty-six (36) months.  The Court deemed [Appellant] eligible for the Recidivism Risk Reduction Incentive (RRRI) Program and therefore, issued a RRRI minimum sentence of eleven (11) months and seven (7) days, which was (3/4) of [Appellant's] minimum sentence.

[Appellant] filed a timely Post-Sentencing Motion on July 14, 2014, which this Court denied [by order entered August 1, 2014].  [Appellant] filed a Motion for Bail Pending Appeal, along with a Notice of Appeal to the Superior Court on August 8, 2014. By Order of this Court of August 18, 2014, this Court granted [Appellant's] bail pending appeal in the amount of $50,000.00 monetary.   [Appellant] as Ordered by this Court, filed a Statement of Matters Complained of on Appeal on August 26, 2014.

Trial Court Opinion, 8/29/14, at 1-2.  The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant presents the following issue for our review:

Whether there was insufficient evidence presented at trial to sustain Appellant's conviction for receiving stolen property, where no evidence was presented by the Commonwealth that

_____

[1] Appellant proceeded to a jury trial on the receiving stolen property charge only.  The trial court entered guilty verdicts on the three summary offenses. Order, 6/3/14, at 1-2.

could establish that Appellant knew the property was stolen, or believed that it had probably been stolen.

Appellant's Brief at 11.

Our standard for reviewing the sufficiency of evidence on appeal is as follows:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the factfinder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Bricker*, 41 A.3d 872, 877 (Pa. Super. 2012) (internal citations and quotation marks omitted).

In order to obtain a conviction for receiving stolen property, "the Commonwealth must establish the following elements beyond a reasonable doubt: (1) the property was stolen; (2) the defendant was in possession of the property; and (3) the defendant knew or had reason to believe the property was stolen." *Commonwealth v. Foreman*, 797 A.2d 1005, 1011

- 3 -

(Pa. Super. 2002). Additionally, this Court has provided the following guidance in addressing a receipt of stolen property claim:

> [A] permissible inference of guilty knowledge may be drawn from the unexplained possession of recently stolen goods without infringing upon an accused's right of due process or his right against self-incrimination, as well as other circumstances, such as the accused's conduct at the time of arrest. Nonetheless, the mere possession of stolen property is insufficient to prove guilty knowledge, and the Commonwealth must introduce other evidence, which can be either circumstantial or direct, that demonstrates that the defendant knew or had reason to believe that the property was stolen. This additional evidence can include the nature of the goods, the quantity of the goods involved, the lapse of time between possession and theft, and the ease with which the goods can be assimilated into trade channels. Further, whether the property has alterations indicative of being stolen can be used to establish guilty knowledge. Finally, even if the accused offers an explanation for his possession of stolen property, the trier of fact may consider the possession as unexplained if it deems the explanation unsatisfactory.

*Id.* at 1012 (internal citations and quotations omitted).

The testimony at trial revealed the following facts regarding this matter. Judith Petruzzi had purchased and held title to a 2009 Kawasaki all-terrain vehicle ("ATV"). N.T., 5/30/14, at 28-30. When she purchased it used in December of 2011 from a car dealership, she paid approximately $5,000.00. *Id.* at 28. The vehicle identification number ("VIN") for the ATV was JKASFGB149B514547. *Id.* at 30.

In August of 2012, Ms. Petruzzi decided to place the ATV for sale at a yard sale being held by Michelle Kinley. N.T., 5/30/14, at 31. The asking price was approximately $4,500.00. *Id.* Ms. Petruzzi was eventually

- 4 -

advised that the four-wheeler had been stolen from the yard sale. *Id.* at 32-33. Michelle Kinley reported the four-wheeler as stolen to the police. *Id.* 33. Ms. Petruzzi then made a claim to her insurance company, Encompass Insurance, regarding the stolen four-wheeler. *Id.* As part of her claim, Ms. Petruzzi mailed the title, the registration, and the keys to the ATV to the insurance company. *Id.* at 33.

Patrick Jared Bowes, a Ranger with the Department of Conservation and Natural Resources ("DCNR") testified. N.T., 5/30/14, at 37-38. On July 12, 2013, Ranger Bowes was on duty and patrolling Pete's Run Road in Noyes Township, Clinton County. *Id.* at 38-40. Ranger Bowes came upon a four-wheeler that was being driven on a portion of Pete's Run Road not designated for the operation of ATVs. *Id.* at 40. The ATV was occupied by an operator and a single female passenger. *Id.* at 41-42, 45. Ranger Bowes recognized the operator of the ATV as Appellant. *Id.* at 42. Ranger Bowes stopped the ATV due to the vehicle code violation of operating an ATV on state property on an undesignated road. *Id.* at 43. At the time of the stop, Ranger Bowes asked Appellant for identification, registration and insurance. *Id.* at 44. Appellant responded that he had no paperwork with him, but stated that it may be at his house. *Id.* Ranger Bowes did not allow the operator and passenger to proceed on the ATV, but instead transported the two individuals to Appellant's residence at 346 Susquehanna Avenue, South Renovo. *Id.* at 45-46.

While at Appellant's residence, Ranger Bowes again asked Appellant and the female passenger for identification, registration and insurance. N.T., 5/30/14, at 46. The individuals produced Pennsylvania driver's licenses. *Id.* at 46. The passenger was identified as Felicia Kelly. *Id.* at 46. Neither individual was able to produce registration or insurance for the ATV. *Id.* at 46-47. Ranger Bowes testified that upon Appellant's announcement that he could not find registration or insurance, Appellant further volunteered "[t]hat the registration plate was probably bogus." *Id.* at 47. During Ranger Bowes' discussion with Appellant at his residence, Appellant informed Ranger Bowes that he bought the ATV from Bobby Winkelman and paid $1,500.00 for it. *Id.* at 64, 77-78.

Ranger Bowes issued a citation to Appellant for operating an ATV on state property in an undesignated area. N.T., 5/30/14, at 48. Following his issuance of the citation, Ranger Bowes left Appellant's residence and returned to the ATV parked on Pete's Run Road. *Id.* at 48-49. Ranger Bowes took photographs of the ATV for purposes of his report. *Id.* at 50. Upon running the VIN, Ranger Bowes discovered that the ATV was registered to Encompass Insurance Company. *Id.* at 52-53. As part of his investigation, Ranger Bowes also had the VIN run through NCIC and was advised that the four-wheeler had been reported stolen. *Id.* at 53. Ranger Bowes eventually received a copy of the title for the ATV from Encompass

Insurance Company. *Id.* The VIN on the title matched that on the recovered ATV. *Id.* at 56.

Paul Gramley of the Lamar Township Police Department was also involved in the investigation. *Id.* at 53-54, 84-85. Officer Gramley was appointed the lead investigator on the reported theft of the ATV when it was originally reported stolen on August 14, 2012, by Michelle Kinley. *Id.* at 85. Officer Gramley was unable to discover new information on the stolen ATV until he had contact with Ranger Bowes on July 15, 2013. *Id.* at 86. After making contact with Ranger Bowes, Officer Gramley executed a search warrant and seized the ATV from Appellant's property. *Id.* at 86-88. Shortly after Officer Gramley seized the ATV, Appellant contacted Officer Gramley at the Renovo Borough Police station. *Id.* at 91. Prior to speaking with Appellant, Officer Gramley advised Appellant of his *Miranda*[2] rights and explained that Appellant did not have to speak to Officer Gramley. *Id.* at 91-92. Appellant advised Officer Gramley that he had purchased the ATV for $1,500.00 from Bobby Joe Winkelman. *Id.* at 92. Appellant also stated that at the time he purchased it from Bobby Joe Winkelman, Bobby Joe Winkelman advised Appellant that the ATV had a new ignition. *Id.* at 92-93.

_____

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Officer Gramley also testified that the original key obtained from the insurance company would not work in the ATV. *Id.* at 107-108.

Derek Stevenson, Appellant's brother, was with Appellant when Appellant purchased the ATV. N.T., 5/30/14, at 114. Appellant asked Stevenson to check over the ATV for him since Stevenson was extremely familiar with ATVs. *Id.* at 116-117. In response to being asked whether Stevenson told Appellant that the purchase of the ATV was a good deal, Stevenson answered, "I thought it was a great deal" and advised Appellant of such. *Id.* at 117, 123-124. Stevenson testified that the ATV Appellant purchased was worth significantly more than $1,500.00. *Id.* at 123-124.

Felicia Lynn Kelly, Appellant's fiancée, also testified. N.T., 5/30/14, at 125-126. Ms. Kelly averred that prior to being stopped by Ranger Bowes on July 12, 2013, she had discussions with people regarding her concern that the ATV may have been stolen. *Id.* at 135-136. Ms. Kelly stated that she discussed these concerns with Appellant. *Id.* at 136. Furthermore, in describing the Winkelmans, Ms. Kelly explained: "they're not the best – they don't have the best name. They're not known to do the best things and not the best people to be influenced by or be around." *Id.* at 134. She confirmed that the Winkelmans did not have good reputations. *Id.*

In addressing Appellant's claim that he did not know or believe that the ATV was stolen, the trial court provided the following analysis:

> At the time that [Appellant] was stopped on Pete[']s Run Road in Noyes Township, Pennsylvania, on July 12, 2013, [Appellant]

> fabricated a story to Ranger Bowes indicating that [Appellant] had paperwork at [Appellant's] residence which had included the title and registration of the vehicle. [Appellant's] alleged purchase price for the vehicle was substantially lower than what the fair market value of the vehicle would be. The ignition switch on the vehicle had been changed. Further, [Appellant's] own girlfriend [Felisha] Kelly indicated that the Winkelmans had a reputation for being untrustworthy and that Ms. Kelly even suspected that the ATV was stolen.

Trial Court Opinion, 8/29/14, at 4.

The trial court's determination is supported by the evidence of record. The Commonwealth introduced evidence demonstrating that Appellant knew or had reason to believe that the property was stolen, such as the discussion between Appellant and Ms. Kelly that the property may be stolen, the Winkelmans' reputation for being untrustworthy, and the purchase price, which was significantly below market value. Appellant possessed no registration or insurance for the vehicle and volunteered to Ranger Bowes that the "registration plate was probably bogus." N.T., 5/30/14, at 47. Further, the alteration of the ignition was indicative of the ATV being stolen. *Foreman*, 797 A.2d at 1012. Thus, viewing all of the evidence in the light most favorable to the Commonwealth, there is sufficient evidence of record to support the trial court's conclusion that Appellant knew, or had reason to believe, that the ATV was stolen. The trial court was responsible for assessing the credibility of the witnesses, and we may not reweigh the evidence and substitute our judgment for that of the fact-finder. *Bricker*,

41 A.3d at 877. Accordingly, there was sufficient evidence to support the conviction for receipt of stolen property.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2015