J-S79013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM PITT | : | |
| | : | |
| Appellant | : | No. 3354 EDA 2016 |

Appeal from the Judgment of Sentence June 16, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014105-2014

BEFORE: GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 13, 2018**

William Pitt appeals from the judgment of sentence imposed June 16, 2016, in the Philadelphia County Court of Common Pleas. The trial court sentenced Pitt to an aggregate term of 20 to 40 years' imprisonment following his open guilty plea to charges of third-degree murder, aggravated assault, and possessing an instrument of crime ("PIC").[1] On appeal, Pitt challenges the discretionary aspects of his sentence. For the reasons below, we affirm.

The factual basis for Pitt's guilty plea is recounted by the trial court as follows:

> On November 27, 2014, at approximately 10:00 a.m., Tyhief Thomas and Taniesha Witchard were watching a movie in the bedroom of Witchard's residence in Philadelphia, when Witchard heard someone inside of her residence. Thomas and Witchard exited the bedroom and saw [Pitt], with whom Witchard has a four-year old child, inside of her residence. While [Pitt] used

---

[1] **See** 18 Pa.C.S. §§ 2502, 2702(a), and 907(a), respectively.

to live at this residence with Witchard, and had a key to the residence, [Pitt] was not living at the residence at that time. A few words were exchanged and then [Pitt] began stabbing Thomas repeatedly with a butcher knife. Witchard, in an effort to prevent further attacks, got in the way of [Pitt], who stabbed her in her right hand. [Pitt] then fled the scene in a white Chevy.

Witchard called 911. Police arrived and transported Thomas to the Hospital of the University of Pennsylvania, where he was pronounced dead at approximately 10:36 a.m. Medical examination revealed that Thomas had been stabbed six times in the head, twice in the neck, 10 times in the torso, and approximately 13 times in the extremities. Witchard was taken to Lankenau Hospital, where she received treatment for the stab wounds to her right hand. [Pitt] left his identification and cell phone at the scene of the incident, which were recovered by police.

Trial Court Opinion, 1/5/2017, at 2-3 (record citations omitted).

Pitt was subsequently arrested and charged with murder, burglary, criminal trespass, PIC, aggravated assault, and simple assault.[2] On March 8, 2016, Pitt entered an open guilty plea to charges of third-degree murder, aggravated assault, and PIC. He was sentenced on June 16, 2016, to a term of 20 to 40 years' imprisonment for third-degree murder, a concurrent term of one to five years' imprisonment for aggravated assault, and a concurrent term of one month to five years' imprisonment for PIC. On June 20, 2016, Pitt filed a timely motion seeking reconsideration of his sentence arguing the sentence imposed was "excessive and unjust," and the trial court placed too much weight on the fact that the victim suffered 31 stab wounds and Pitt purportedly illegally entered the home, when in fact Pitt was paying rent for

_____

[2] *See* 18 Pa.C.S. §§ 2502, 3502(a)(1), 3503(a)(1)(ii), 907(a), 2702(a), and 2701(a), respectively.

- 2 -

the home, where he encountered his child's mother in bed with another man, and most of the wounds were "superficial and were a result of a violent struggle." Motion for Reconsideration of Sentence, 6/20/2016, at 1-2. Further, Pitt argued the victim was "conscious and alive" when he left the home. *Id.* at 2. On October 13, 2016, the trial court entered an order denying Pitt's motion. This timely appeal followed.[3]

The sole issue raised on appeal is a challenge to the discretionary aspects of Pitt's sentence. When considering such claims, we must bear in mind:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (quotation omitted), *appeal denied*, 125 A.3d 1198 (Pa. 2015). Furthermore, it is well-settled that:

---

[3] On October 28, 2016, the trial court directed Pitt to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). However, on December 8, 2016, Pitt's plea counsel filed a motion to withdraw in this Court, explaining he was retained only for trial. Thereafter, on January 9, 2017, this Court granted counsel permission to withdraw, and remanded the case to the trial court to conduct a hearing and determine if Pitt was eligible for the appointment of counsel. The trial court conducted a hearing on February 17, 2017, and present counsel was appointed shortly thereafter. The court did not direct present counsel to file a concise statement. Rather, it indicated in its opinion that "to avoid unnecessary delay," it would address the claim set forth in Pitt's motion for reconsideration of sentence. Trial Court Opinion, 1/5/2017, at 2. Because that is the sole claim raised on appeal, we decline to find waiver due to the absence of a concise statement.

[a] challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. Prior to reaching the merits of a discretionary sentencing issue:

We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Grays***, 167 A.3d 793, 815–816 (Pa. Super. 2017) (some citations omitted), *appeal denied*, ___ A.3d ___, 2018 WL 319345 (Pa. 2018).

In the present case, Pitt complied with the procedural requirements for this appeal by filing a timely post-sentence motion for modification of sentence and subsequent notice of appeal, and by including in his appellate brief a statement of reasons relied upon for appeal pursuant to ***Commonwealth v. Tuladziecki***, 522 A.2d 17 (Pa. 1987), and Pa.R.A.P. 2119(f). Therefore, we must determine whether he has raised a substantial question justifying our review.

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." ***Commonwealth v. Ventura***, 975 A.2d 1128, 1133 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) (citation omitted). Here, Pitt maintains the trial court imposed a "manifestly excessive" sentence by considering only "the seriousness of the offense … and

not the individual characteristics of the [d]efendant nor mitigating factors." Pitt's Brief at 8. "[A]n averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors raises a substantial question." *Commonwealth v. Bricker*, 41 A.3d 872, 875 (2012), *quoting* *Commonwealth v. Macias*, 968 A.2d 773, 776 (Pa. Super. 2009). Accordingly, because Pitt has raised a substantial question, we proceed to an examination of his argument on appeal.[4]

Here, Pitt insists the trial court abused its discretion when it "placed [too] much emphasis on the nature of the crime." Pitt's Brief at 12. He argues that although the court reviewed his mitigating evidence, it stated "it did not think that [Pitt] was nearly as nice a person as his supporters thought and

---

[4] We note Pitt also claims his sentence is unreasonable pursuant to 42 Pa.C.S. § 9721(b), because the court did not "give a contemporaneous, written statement of reasons for imposing sentence at the maximum range." Pitt's Brief at 8. We find this argument is both waived and meritless. It is waived because Pitt did not raise this claim at sentencing or in his post-sentence motion. *Grays*, *supra*. Moreover, Section 9721(b) requires the court to provide a contemporaneous written statement only when it imposed a sentence **outside** the guidelines range. *See* 42 Pa.C.S. § 9721(b). Here, although Pitt's 20-year minimum sentence is the statutory maximum for third-degree murder, it was also within the standard range of the guidelines for his conviction. *See* Pitt's Brief at 8. Therefore, the court was not required to provide a contemporaneous written statement. *See Commonwealth v. Leatherby*, 116 A.3d 73, 83 (Pa. Super. 2015). In any event, the contemporaneous written statement requirement "is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence." *Commonwealth v. Antidormi*, 84 A.3d 736, 760 (Pa. Super. 2014) (internal punctuation and quotation omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014). Here, the record reflects the trial court stated his reasons for imposing sentence in open court before Pitt. *See* N.T., 6/16/2016, at 32-36.

that he was not a pillar of the community – because he committed this crime."

*Id.* (emphasis omitted)  Pitt maintains "it almost appears as if the court cut [him] 'a break' by finding him guilty of Third Degree Murder but then imposed a maximum sentence."  *Id.*  He asserts that a statutory maximum sentence was a "foregone conclusion," and the court did not meaningfully consider his "bountiful" mitigation evidence.  *Id.* at 13.

When a defendant is sentenced within the standard range of the guidelines, this Court will vacate the sentence only if "the case involves circumstances where the application of the guidelines would be clearly unreasonable."  42 Pa.C.S. § 9781(c)(2). The Pennsylvania Supreme Court has defined the term "unreasonable" as it appears in Section 9781 to describe "a decision that is 'irrational' or 'not guided by sound judgment.'"  *Commonwealth v. Walls*, 926 A.2d 957, 963 (Pa. 2007).  Moreover, Section 9781 further provides that, in reviewing a sentence on appeal, an appellate court should consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d)(1)-(4).  Where, as here, the trial court had the benefit of a presentence investigation report, "we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's

- 6 -

sentence." ***Commonwealth v. Baker***, 72 A.3d 652, 663 (Pa. Super. 2013),

*appeal denied*, 86 A.3d 231 (Pa. 2014).

In the present case, the trial court provided the following explanation

for the 20-to-40 year sentence imposed on Pitt's conviction of third-degree

murder:

> Here, the Court's sentence of 20[-]to[-]40 years for the third degree murder of Thomas was within the standard range of the sentencing guidelines. In fashioning this sentence, the court explicitly considered the information adduced at the guilty plea hearing, the sentencing hearing, the presentence report, the mitigating evidence submitted on [Pitt']s behalf, [Pitt's] rehabilitative needs, the need to protect the public, and the applicable sentencing guidelines. N.T. 6/16/2016 at 33-36. The Court specifically noted that Thomas was deprived of his life as a result of [Pitt's] senseless attack and that the attack was particularly vicious as [Pitt] stabbed Thomas 31 times. N.T. 6/16/2016 at 34. The Court properly concluded that this case was not in the heartland of third degree murder cases since [Pitt] demonstrated specific intent to kill by repeatedly stabbing Thomas multiple times in the head. N.T. 6/16/2016 at 34. Furthermore, the Court noted that the attack took place inside the sanctity of someone's home, where the victims had the right to feel safe.[2] N.T. 6/16/2016 at 34. Finally, the Court noted that the relationship between Witchard and [Pitt] had ended prior to the murder. N.T. 6/16/2016 at 35.

> _____

> [2] Contrary to [Pitt's] argument in his Motion for Reconsideration, the Court did not place "considerable weight" on a finding that [Pitt] illegally entered the residence. The court made no reference to the legality of the entrance in imposing sentence. N.T. 6/16/2016 at 32-37.

> _____

> Accordingly, the record demonstrates that the guideline sentence was reasonable. Therefore, it should not be disturbed.

Trial Court Opinion, 1/5/2017, at 4-5 (citation omitted).

Our review of the record, the parties' briefs and the relevant statutory and case law, reveals no basis to disturb the sentence imposed by the trial court. After considering all the relevant factors, as well as Pitt's mitigating evidence, the court concluded an aggregate, standard range sentence of 20 to 40 years' imprisonment was appropriate for Pitt's crimes. We find no reason to disagree.

Furthermore, to the extent Pitt argues the trial court appeared to "cut [him] 'a break' by finding him guilty of Third Degree Murder but then imposed a maximum sentence[,]"[5] we note:

> [T]here is no legal authority to support Appellant's position that it was impermissible for the sentencing court to consider that he already received leniency because he pleaded guilty to third degree murder when the evidence supported a conviction for first or second degree murder. … There is no reason to prohibit the sentencing court from taking into consideration the facts of the crime and how those facts supported a potentially more serious sentence when the court is weighing whether to impose a standard or mitigated range sentence.

*Macias*, *supra*, 968 A.2d at 778. Accordingly, it was proper for the trial court to consider the fact that Pitt stabbed Thomas six times in the head, and delivered 31 blows overall, when determining an appropriate sentence. Therefore, no relief is warranted on Pitt's sole issue on appeal.

Judgment of sentence affirmed.

---

[5] Pitt's Brief at 12.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/13/18