J-S68028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAYE ASHBY GIBSON | : | |
| | : | No. 234 MDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence January 3, 2017
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0001967-2016

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY DUBOW, J.: **FILED MAY 18, 2018**

Appellant, Jaye Ashby Gibson, appeals from the Judgment of Sentence entered in the Lackawanna County Court of Common Pleas following his guilty plea to one count of Delivery of a Controlled Substance, one count of Resisting Arrest, and one count of Fleeing or Attempting to Elude an Officer.[1] His counsel, Donna M. DeVita, Esquire ("Counsel"), of the Public Defender's Office, has filed an **Anders**[2] Brief and Petition for Leave to Withdraw. We grant Counsel's Petition and affirm Appellant's Judgment of Sentence.

On August 4, 2016, Appellant and another individual sold heroin to a Confidential Informant ("CI"), while Detectives Munley, Zech, Conrad, and

---

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S. § 5104; and 75 Pa.C.S. § 3733(a), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967).

---

* Retired Senior Judge assigned to the Superior Court.

other police officers from the Lackawanna County Drug Task Force monitored the transaction. After the transaction occurred, Detective Conrad reported that Appellant had entered a cream-colored van. Detectives Munley and Zech approached the van to attempt a traffic stop. When they activated their lights and sirens, Appellant did not stop. Instead, he attempted to cross the roadway by accelerating into Detective Conrad's vehicle and then crashing into Detective Munley's car head-on. Appellant attempted to flee on foot, and when Detective Conrad caught him, Appellant got into a physical altercation with the detective. After Detectives Munley and Conrad subdued Appellant, they searched him and found a sealed bag of suspected heroin. Appellant admitted that he had sold drugs to the CI. He also told the detectives that he was staying at the Trotters Motel in Moosic, Pennsylvania, and that more drugs were in his motel room.

The Commonwealth charged Appellant with nine offenses. On December 15, 2016, Appellant pled guilty to the three offenses noted above and waived his right to a presentence investigation.[3] N.T. Guilty Plea/Sentencing Hr'g, 12/15/16, at 9. The Court immediately sentenced him to 21 to 48 months' imprisonment for Delivery of a Controlled Substance; 6 to 12 months' imprisonment for Resisting Arrest; and 6 to 12 months' imprisonment for Fleeing or Attempting to Elude an Officer. *Id.* at 16-17. The court ordered that the sentences run consecutively. *See id.* at 16-17.

---

[3] The Commonwealth nolle prossed the remaining six offenses, including a charge of Aggravated Assault.

After the denial of his post-sentence motion, Appellant timely appealed. He filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the trial court filed a responsive opinion.

Before we can consider the issues raised, we must determine whether Counsel has complied with the mandated procedure for withdrawing as counsel. *See Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009) (adopting *Anders* requirements); *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Appellant did not file a response.

Our review indicates that Counsel complied with *Anders* and *Daniels*. We next "make a full examination of the proceedings in the lower court and render an independent judgment [as to] whether the appeal is in fact 'frivolous.'" *Commonwealth v. Orellana*, 86 A.3d 877, 882 n.7 (Citation omitted).

Counsel identifies the following three issues in the *Anders* Brief:

A. Whether the sentences imposed were inappropriately harsh and excessive and an abuse of discretion?

B. Whether the sentencing court erred and abused its discretion when it failed to impose concurrent sentences when the criminal conduct which gave rise to the offenses occurred at the same time?

C. Whether the sentencing court erred when it relied on facts supporting the Aggravated Assault charge when Appellant did not plead guilty to Aggravated Assault, but

rather he pled guilty to Fleeing or Attempting to Elude Police Officer and to Resisting Arrest?

*Anders* Brief at 4.[4]

### **Discretionary Aspect of Sentence**

The first issue implicates the discretionary aspect of Appellant's sentence. *See Anders* Brief at 12. A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008). Prior to reviewing such a claim on its merits:

> We conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.
>
> When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code . . . .

*Id.* (citations and quotation marks omitted). *See also* Pa.R.A.P. 2119(f).

Instantly, Appellant timely filed his appeal, preserved the issue of an excessive sentence in his Motion for Reconsideration of Sentence, and included a statement in his Brief that conforms with Pa.R.A.P. 2119(f). *See*

---

[4] We have reordered the issues for ease of disposition.

*Anders* Brief at 9-10.  Accordingly, we ascertain whether Appellant has raised a substantial question.  *See Phillips*, 946 A.2d at 112.

"A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citation and quotations marks omitted).

Appellant contends that his sentence was harsh and excessive in the high end of the standard guidelines range, resulting in too severe a punishment.  *Anders* Brief at 13.  He argues that the sentencing court abused its discretion in imposing sentences that were contrary to the Sentencing Guidelines.  *Id.*  A claim of excessiveness resulting in too severe a punishment can raise a substantial question as to the appropriateness of the sentence under the Sentencing Code, even if the sentence is within the statutory limits. *Commonwealth v. Mouzon*, 812 A.2d 617, 624 (Pa. 2002).  We, thus, conclude Appellant has raised a substantial question and we will review its merits.

Our review of the discretionary aspect of Appellant's sentence is governed by the following principles:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment

exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Bricker*, 41 A.3d 872, 875 (Pa. Super. 2012) (citation omitted).

"In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b).

In the case *sub judice*, the Sentencing Court stated its reasons on the record for imposing a sentence within the standard range. N.T. at 17-18. The Court indicated that it based its sentence upon the offenses to which Appellant had pled guilty, his rehabilitative needs, his addiction to controlled substances, and the need for mental health treatment. *Id.* Following our review of the record, we agree with Counsel that this claim is frivolous.

**Consecutive Sentences**

Appellant next asserts that the court abused its discretion in ordering the sentences to run consecutively because his offenses occurred during "one continuous course of conduct." *Anders* Brief at 14. This, too, challenges the discretionary aspect of his sentence.

The court has discretion to order sentences to run consecutively. *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013). A bald claim that an aggregate sentence is manifestly excessive because the individual sentences are consecutive does not raise a substantial question. *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013).

In the instant case, Appellant's unsupportable assertion—that one continuous course of conduct precludes consecutive sentences—is essentially a bald claim. Accordingly, it does not raise a substantial question. We, thus, decline to conclude that the court's imposition of consecutive sentences was an abuse of its discretion.

### **Reliance on Wrong Facts**

In his last issue, Appellant avers that the Sentencing Court erroneously relied on facts supporting the nolle prossed Aggravated Assault charge, which came out during Appellant's plea colloquy to the charge of Fleeing or Attempting to Elude Police Officer. **See** Appellant's Brief at 11. A review of the record belies this claim. The Commonwealth stated that Appellant attempted to flee a traffic stop during a felony drug investigation when he accelerated into the Detective's vehicle and caused a head-on collision. N.T. at 8. Appellant agreed with the Commonwealth. **See id.** As the court noted,

> Based on the conduct described by the Commonwealth and admitted to by [Appellant,] this [c]ourt accepted [Appellant's] guilty plea to one count of [F]leeing or [A]ttempting to [E]lude a [P]olice [O]fficer. There was no mention of [A]ssault charges at the time of the guilty plea. The above-referenced description could form the factual basis for [A]ggravated Assault on a law enforcement officer. However, the factual scenario is also the basis for both [F]leeing and [E]luding and [R]esisting [A]rrest. As such, this issue is without merit and should be denied.

Trial Ct. Op., dated 3/6/17 at 8-9.

We agree with the trial court's analysis and conclude this issue has no merit.

- 7 -

Following our independent examination of the record, we discern no issues of merit to be raised on appeal. Accordingly, we affirm Appellant's Judgment of Sentence.

Petition to Withdraw Granted. Judgment of Sentence Affirmed.

Judge Lazarus joins the memorandum.

Judge Strassburger files a Concurring Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/18