J-S34043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN C. CLARK | : | |
| | : | |
| Appellant | : | No. 285 WDA 2019 |

Appeal from the Judgment of Sentence Entered December 7, 2018
In the Court of Common Pleas of Warren County Criminal Division at
No(s):  CP-62-CR-0000271-2018

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    **FILED AUGUST 07, 2019**

Appellant, Shawn C. Clark, appeals from the aggregate judgment of sentence of 32 to 64 months of confinement, which was imposed after he pleaded guilty to recklessly endangering another person and persons not to possess, use, etc. firearms.[1]   We affirm.

The facts underlying this case are as follows.   Appellant pointed a loaded gun at his father's head during a domestic dispute, while in the presence of Appellant's eight-year old son.   At the time of the incident, Appellant was prohibited from possessing a loaded firearm, having been previously involuntarily committed to a mental institution for inpatient care and treatment.   On the count of reckless endangering another person, Appellant was sentenced, with the deadly weapon used enhancement, to 12-24 months

---

[1] 18 Pa.C.S. §§ 2705 and 6105(c)(4), respectively.

*   Retired Senior Judge assigned to the Superior Court.

of confinement in a state correctional institution. On the count of persons not to possess, he was sentenced to 20-40 months of confinement, with sentences to run consecutively. Following sentencing, on December 17, 2018, Appellant filed a motion for reconsideration of sentence. Following oral argument, Appellant's motion was denied by order filed on January 25, 2019. On February 22, 2019, Appellant filed this timely notice of appeal.[2]

Appellant presents the following issue for our review:

> Was the sentence imposed upon [Appellant] unreasonable, manifestly excessive and an abuse of discretion?

Appellant's Brief at 9 (unnecessary capitalization and answer omitted).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. **Commonwealth v. Manivannan**, 186 A.3d 472, 489 (Pa. Super. 2018). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part test analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, see Pa.R.A.P 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

---

[2] Appellant was ordered to file a statement of errors complained of on appeal under Pa.R.A.P. 1925(b), and did so on February 25, 2019. The sentencing court entered its opinion on March 5, 2019.

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super.), *appeal denied*, 909 A.2d 303 (Pa. 2006) (internal citations omitted).

Appellant complied with the first three parts of the test by filing a timely notice of appeal, a post sentence motion for reconsideration of sentence, and the inclusion of a Rule 2119(f) statement in his brief. We thus must determine whether Appellant's appeal presents a substantial question.

A claim that the trial court imposed consecutive sentences does not generally raise a substantial question. *Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 598 (Pa. Super. 2010). "[T]he imposition of consecutive, rather than concurrent sentences may raise a substantial question in **only** the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012) (*en banc*) (emphasis added). Nor does a claim that a sentence is unreasonable and excessive, without further explanation, raise a substantial question. *See Commonwealth v. Lutes*, 793 A.2d 949, 964 (Pa. Super. 2002) (stating "a bald allegation that a sentence is excessive does not raise a substantial question"). However, Appellant argues that the sentencing court focused only on the gravity of the offense, and failed to consider the fact that the two crimes to which he pleaded guilty stemmed from the same domestic dispute that took place at the same time and place, and thus amounted to one criminal act. We conclude, therefore, that Appellant has presented a substantial question, and will address the merits of the issue.

- 3 -

*See Commonwealth v. Caldwell*, 117 A.3d 763, 769-70 (Pa. Super. 2015) (*en banc*) (excessive sentence claim, in conjunction with an assertion that the court failed to consider mitigating factors, raises a substantial question); *see also Commonwealth v. Hicks*, 151 A.3d 216, 227 (Pa. Super. 2016) (claim that sentencing court failed to set forth adequate reasons for the sentence imposed raises a substantial question).

Our standard for review for challenges to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Conte*, 198 A.3d 1169, 1176 (Pa. Super. 2018) (citation omitted).

Initially, we note that Appellant concedes that the doctrine of merger[3] is inapplicable in this case; nevertheless, he asserts that in the interests of

---

[3] The statute governing merger provides as follows:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the necessary elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

justice, it is logical and reasonable that since his crimes occurred at the same time and place, his sentences should therefore be concurrent. However, the crimes to which Appellant has pleaded guilty clearly do not arise from a single criminal act; indeed, Appellant counsel acknowledged at the sentencing hearing that the charges of recklessly endangering another person and person not to possess were separate and distinct criminal acts, and that the trial court could elect to sentence Appellant to consecutive sentences for the two crimes. N.T. at 8.

Furthermore, Appellant's assertion that the trial court gave particular weight to the gravity of the offense, and failed to consider the fact that both charges stemmed from the same domestic dispute are belied by the testimony at the December 7, 2018 sentencing hearing. There, the trial court clearly considered each of the separate criminal acts to which Appellant pleaded guilty, noting, with regard to the persons not to possess charge, that Appellant had a previous conviction for firearms not to be carried without a license and was well aware at the time of the altercation that he was not permitted to have a weapon. N.T. at 15. The trial court discussed the information contained within the pre-sentence investigation report, and considered the events described by the Commonwealth, wherein Appellant's eight-year old son called 911 and remained on the phone with the police "begging them to hurry up and get there, giving them a play-by-play of what [was] going on while [Appellant] and [Appellant's father] argued and had the altercation in the front

yard and in the house." N.T. at 11. In its 1925(a) opinion, the trial court noted that the consecutive sentences were both within the standard range, and voiced its concern that Appellant's reckless behavior will affect both his father and his eight-year old son long after Appellant has served his sentences. Trial Court Opinion at 3. We do not agree that the trial court focused unduly on the gravity of the offense, and note that the weighing of sentencing factors is exclusively reserved to the judge imposing the sentence, and an appellate court may not substitute its own weighing of the factors. ***Commonwealth v. Bricker***, 41 A.3d 872, 876 (Pa. Super. 2012). Accordingly, Appellant has not demonstrated that the sentencing court misapplied or ignored the law, exercised its judgment impartially or with prejudice, bias or ill will, or that the sentence imposed was manifestly unreasonable. ***Conte***, 198 A.3d at 1176. Based on the foregoing, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judge McLaughlin joins the Memorandum.

Judge Dubow Concurs in the Result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

- 6 -

Date:  8/7/2019