J-S07030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
CLIFFORD KAMAU IBIRITHI :
:
Appellant : No. 739 MDA 2024

Appeal from the PCRA Order Entered April 22, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001180-2020

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED: JUNE 18, 2025**

Clifford Kamau Ibirithi appeals from the denial of his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. Since Ibirithi completed his sentence in this case during the pendency of this appeal, we dismiss the appeal as moot.

In 2021, a jury found Ibirithi guilty of assault by prisoner and aggravated harassment by prisoner.[1] The court sentenced Ibirithi to two and one half to five years' incarceration with credit for time served, on October 12, 2021. Sentence Order, dated 10/12/2021. Following a post-sentence motion, the court credited Ibirithi a total of 727 days for time served. N.T., 11/12/21, at 2-3; Docket Entry 34 ("727 days credit from original sentence"). We affirmed the judgment of sentence. **Commonwealth v. Ibirithi**, No. 1610

---

[1] 18 Pa.C.S.A. §§ 2703 and 2703.1, respectively.

MDA 2021, 2022 WL 16848929 (Pa.Super. filed Nov. 10, 2022) (unpublished mem.).

Ibirithi filed the instant, timely PCRA petition, and following an evidentiary hearing, the court denied Ibirithi's PCRA petition, in April 2024. Ibirithi timely appealed.

Ibirithi raises the following questions:

I. Whether the Honorable PCRA Court erred in rejecting [Ibirithi's] claim that trial counsel, Eric White, Esquire, rendered ineffective assistance when he failed to file a pre-trial motion to quash the information on the basis that the Assault by Prisoner and Aggravated Harassment by Prisoner statutes are unconstitutional as applied to [Ibirithi]?

II. Whether the Honorable PCRA Court erred in rejecting [Ibirithi's] claim on the basis that the jury was free to reach inconsistent verdicts?

a. Specifically, undersigned counsel's argument centered on the fact that the jury acquitted [Ibirithi] of sexual assault, involuntary deviate sexual intercourse, strangulation, and simple assault – a clear indication that the jury embraced [Ibirithi's] defense of consensual sexual contact. Thus, did the Honorable PCRA Court incorrectly focus on inconsistent jury verdicts rather than the argument that the verdict was indeed consistent and that the jury convicted [Ibirithi] solely on the basis of the plain language of the statutes?

III. Whether the Honorable PCRA court erred in not finding that the statutes punishing [Ibirithi] are unconstitutional which therefore makes his sentence illegal?

Ibirithi's Br. at 4.

This appeal is moot because we can no longer afford Ibirithi a remedy for the denial of his PCRA petition. An appeal is moot if any ruling we entered would have no practical force or effect. *See Commonwealth v. Bricker*, 41 A.3d 872, 881 (Pa.Super. 2012). A petitioner is eligible for PCRA relief if he or she is "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i). In other words, "[a]s soon as [the petitioner's] sentence is completed, the petitioner becomes ineligible for relief[.]" *Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa.Super. 2009) (quoting *Commonwealth v. Hart*, 911 A.2d 939, 942 (Pa.Super. 2006)).

In October 2021, the court sentenced Ibirithi to two and one half to five years' incarceration and later granted 727 days of credit for time served. Thus, Ibirithi's sentence expired in October 2024. Although Ibirithi was still serving his sentence when he filed his petition and when he filed this appeal, he is now ineligible for PCRA relief because he has completed his sentence. We therefore dismiss this appeal as moot. *See Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997) ("To be eligible for relief a petitioner must be *currently* serving a sentence of imprisonment, probation or parole.") (emphasis in original).

Appeal dismissed as moot.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/18/2025